UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| CARLOS DOMINGUEZ ZEITLER, *et al.*, | § |
| | § |
| Plaintiffs, | § |
| VS. | §  CIVIL ACTION NO. 4:21-CV-1142 |
| | § |
| HENRIQUE RODRIGUEZ GUILLEN, *et al.*, | § |
| | § |
| Defendants. | § |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is a motion to dismiss under Federal Rule of Civil Procedure 12(b)(2) for lack of personal jurisdiction filed by Defendants Henrique Rodriguez Guillen ("Rodriguez"), Suelopetrol Exploracion y Production S.L. ("Suelopetrol"), and Suelotec S.A. ("Suelotec") (collectively "the moving defendants"). The motion (Dkt. 49) is **DENIED**.

### I.  FACTUAL AND PROCEDURAL BACKGROUND

This case arises out of a stock purchase and loan agreement ("the Agreement") and a corresponding, simultaneously executed promissory note ("the Promissory Note"). The plaintiffs, Carlos Dominguez Zeitler and Vilma Lloret de Dominguez ("the Dominguezes"), are a married couple, and they allege that they are friends and business associates of Rodriguez, who is the "president, director and representative for" the other defendants. (Dkt. 1 at pp. 1, 2, 6). The other defendants are all energy companies or investment funds. (Dkt. 1 at pp. 2–4).

According to the Dominguezes' complaint, the Agreement and the Promissory Note memorialize a complex series of transactions through which Rodriguez moved to consolidate his position as the majority shareholder of a Venezuelan oil and gas company (which is not a defendant) called Suelopetrol Matriz C.A. ("Matriz"). (Dkt. 1 at pp. 1–2, 4–5). The Dominguezes owned 12.66% of Matriz's stock, and in November of 2014 Rodriguez offered to buy half of that stock from the Dominguezes for $15.1 million. (Dkt. 1 at pp. 4–5). The deal closed, and the Dominguezes and Rodriguez agreed that Rodriguez would pay a quarter of the purchase price (almost $3.8 million) by December 28, 2014 and pay the $11.3 million remainder by February 10, 2015. (Dkt. 1 at p. 5). Rodriguez paid the $3.8 million in December of 2014. (Dkt. 1 at p. 6). The Dominguezes were charging interest on the $11.3 million balance. (Dkt. 1 at p. 6). In January of 2015, the Dominguezes loaned Rodriguez $3.5 million—essentially, the $3.8 million that Rodriguez had just paid them, minus $300,000.00. (Dkt. 1 at p. 6).[1]

On February 10, 2015, which was the deadline for Rodriguez to pay the remainder of the initial stock purchase price, Rodriguez asked the Dominguezes for an extension to June 30, 2015; and the Dominguezes granted that request. (Dkt. 1 at p. 6). Rodriguez continued to request and receive extensions for the next several years, and the parties

---

[1] In a counterclaim, Rodriguez alleges that the Dominguezes have this discrete transaction backwards. According to Rodriguez, the $3.8 million transfer to the Dominguezes in December of 2014 was a loan to the Dominguezes to help them "close [their] tax declarations, on condition that [they] return the amount of that loan for working capital at the beginning of January 2015[.]" (Dkt. 34 at p. 3). Under this version of events, after the Dominguezes sent $3.5 million to Rodriguez in January of 2015, *they* still owed *him* $300,000.00. (Dkt. 34 at p. 6). The Court need not resolve this conflict to determine whether it has personal jurisdiction over the moving defendants.

executed promissory notes in September of 2016, November of 2017, December of 2017, and June of 2018. (Dkt. 1 at pp. 6–7). The series of promissory notes and debt restructurings culminated in the execution of the Agreement and the Promissory Note in December of 2019. (Dkt. 1 at pp. 7–8). Rodriguez signed the Agreement and the Promissory Note in his individual capacity and as legal representative for all of the other defendants, including the moving defendants:

De una parte:

_[signature]_

HENRIQUE RODRIGUEZ GUILLEN,

Cédula de identidad número V-3.666.142

A nombre y en representación de SUELOTEC S.A., SUELOPETROL CORPORATION, y SUELOPETROL ENERGY FUND LTD.:

_[signature]_

HENRIQUE RODRIGUEZ GUILLEN,

Cédula de identidad número V-3.666.142

Presidente

770 S. Oak Lane, Suite 530, Houston, Texas, 77056

Por SUELOPETROL EXPLORACION Y PRODUCCION S.L.

_____

HENRIQUE RODRIGUEZ GUILLEN,

N.I.E. X-8.236.220-N

Calle de Lagasca número 125, Madrid, España

Dkt. 44-1 at pp. 14–15, 16–17.

The Agreement included the following forum selection clause:[2]

> CLAUSE SIX. Any dispute between the parties, including but not limited to any dispute arising out of or relating to this agreement shall be resolved under the laws of the State of Texas in the Courts in the City of Houston, Harris County, United States of America, where the parties expressly acknowledge that they are present, have agreed to the terms and conditions of the debt restructuring, and where the payment obligations hereunder are to be performed.

Dkt. 44-1 at p. 23.

The Promissory Note also included a forum selection clause:

> This promissory note shall be interpreted in accordance with the laws of the State of Texas and is subject to the jurisdiction of the courts in the City of Houston, Texas.

Dkt. 44-1 at p. 27.

The Agreement and the Promissory Note set a payment deadline of December 31, 2020. (Dkt. 1 at p. 8). Rodriguez missed that deadline; and the Dominguezes filed this

---

[2] The Agreement and the Promissory Note were originally written in Spanish. The record contains English translations of both documents. No party challenges the validity of the translations.

lawsuit, asserting causes of action for breach of the Agreement and the Promissory Note; money had and received; guaranty of payment; promissory estoppel; unjust enrichment; common law fraud; and statutory fraud under Section 27.01 of the Texas Business and Commerce Code. (Dkt. 1 at pp. 9–13). The moving defendants seek a dismissal of the claims against them for lack of personal jurisdiction. (Dkt. 49).

## II. LEGAL STANDARD

A tribunal's ability to exercise personal jurisdiction over a defendant "depends on the defendant's having such contacts with the forum State that the maintenance of the suit is reasonable, in the context of our federal system of government, and does not offend traditional notions of fair play and substantial justice." *Ford Motor Company v. Montana Eighth Judicial District Court*, 141 S. Ct. 1017, 1024 (2021) (quotation marks omitted).[3] There are two kinds of personal jurisdiction: general (or all-purpose) jurisdiction and specific (or case-linked) jurisdiction. *Id*. General jurisdiction, which may only be exercised in states where a defendant is "essentially at home," does not apply here, as none of the moving defendants is domiciled in Texas. (Dkt. 49 at pp. 4–5). *Id*. Specific jurisdiction, though, is not limited to the states in which a defendant is considered essentially at home. *Id*.

---

[3] The principles recently summarized by the Supreme Court in *Ford Motor Company v. Montana Eighth Judicial District Court*, 141 S. Ct. 1017 (2021), have long controlled the federal due-process inquiry. Since Texas's long-arm statute reaches "as far as the federal constitutional requirements of due process will allow[,]" the Court need not discuss any additional limitations imposed by Texas law on the exercise of personal jurisdiction. *AdvanceMe, Inc. v. Rapidpay LLC*, 450 F. Supp. 2d 669, 672–73 (E.D. Tex. 2006) ("[T]he analysis of Texas's long-arm statute collapses into the federal due-process inquiry."). !

To be subject to specific jurisdiction in a state, the defendant "must take some act by which it purposefully avails itself of the privilege of conducting activities within the forum State." *Id*. (quotation marks and brackets omitted). The defendant's contacts with the forum state must be the defendant's own choice and not random, isolated, or fortuitous; and they "must show that the defendant deliberately reached out beyond its home—by, for example, exploiting a market in the forum State or entering a contractual relationship centered there." *Id*. at 1025 (quotation marks and brackets omitted). Specific jurisdiction can attach if the plaintiff's claims "arise out of or relate to the defendant's contacts with the forum." *Id*. (quotation marks omitted).

"Once it has been decided that a defendant purposefully established minimum contacts within the forum State, these contacts may be considered in light of other factors to determine whether the assertion of personal jurisdiction would comport with fair play and substantial justice." *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 476 (1985) (quotation marks omitted). In appropriate cases, the Court may evaluate: (1) the burden on the defendant; (2) the forum state's interest in adjudicating the dispute; (3) the plaintiff's interest in obtaining convenient and effective relief; (4) the interstate judicial system's interest in obtaining the most efficient resolution of controversies; and (5) the shared interest of the several states in furthering fundamental substantive social policies. *Id.* at 477. "These considerations sometimes serve to establish the reasonableness of jurisdiction upon a lesser showing of minimum contacts than would otherwise be required." *Id*. "[W]here a defendant who purposefully has directed his activities at forum residents seeks

to defeat jurisdiction, he must present a compelling case that the presence of some other considerations would render jurisdiction unreasonable." *Id*.

The plaintiff may meet the burden of establishing personal jurisdiction with prima facie evidence if the district court does not conduct an evidentiary hearing. *Wilson v. Belin*, 20 F.3d 644, 648 (5th Cir. 1994). The district court accepts the plaintiff's uncontroverted allegations and resolves in the plaintiff's favor all factual conflicts contained in the parties' affidavits and other documentation. *Id*.

### III.  ANALYSIS

The Court concludes that it may exercise specific jurisdiction over the moving defendants based on the forum selection clauses contained in the Agreement and the Promissory Note. More particularly, the forum selection clause contained in the Agreement is a mandatory clause (as opposed to a permissive one) because it "clearly demonstrates the parties' intent to make the forum exclusive." *AlliantGroup, L.P. v. Mols*, No. 4:16-CV-3114, 2017 WL 432810, at *5 (S.D. Tex. Jan. 30, 2017) (quotation marks and brackets omitted); *see also City of New Orleans v. Municipal Administrative Services, Inc.*, 376 F.3d 501, 504 (5th Cir. 2004). A mandatory forum selection clause conveys personal jurisdiction over a contracting defendant unless the defendant can sufficiently prove that enforcing the choice of forum provision would be unreasonable. *Kevlin Services, Inc. v. Lexington State Bank*, 46 F.3d 13, 15 (5th Cir. 1995) (reversing dismissal for lack of personal jurisdiction where contract at issue contained clause providing that venue "shall be settled in Dallas County, Texas"); *see also AlliantGroup, L.P. v. Feingold*, No. 4:09-CV-479, 2009 WL

1109093, at *8 (S.D. Tex. Apr. 24, 2009) ("Federal district courts in Texas have followed *Kevlin* and denied motions to dismiss for lack of personal jurisdiction when the defendant signed a contract containing a forum-selection clause that designated Texas.") (collecting cases). "To be unreasonable, the forum-selection clause must have been the product of fraud or overreaching, or enforcement would either deprive the plaintiff of her day in court or a remedy or contravene a strong public policy of the forum state." *Mols*, 2017 WL 432810 at *6.

Here, the moving defendants' only argument against the enforcement of the forum selection clauses is that the copy of the Agreement that is attached to the Dominguezes' complaint has Rodriguez's signature on it but not those of the Dominguezes. (Dkt. 49 at p. 2). The Court finds this argument unpersuasive. The Dominguezes' complaint alleges that all of the parties signed the Agreement (Dkt. 1 at pp. 7–8), and the evidentiary record contains a copy of the Agreement that is signed by all of the parties:

De una parte:

_[signature]_

HENRIQUE RODRIGUEZ GUILLEN,

Cédula de identidad número V-3.666.142

A nombre y en representación de SUELOTEC S.A., SUELOPETROL CORPORATION, y SUELOPETROL ENERGY FUND LTD.:

_[signature]_

HENRIQUE RODRIGUEZ GUILLEN,

Cédula de identidad número V-3.666.142

Presidente

770 S. Oak Lane, Suite 530, Houston, Texas, 77056

Por SUELOPETROL EXPLORACION Y PRODUCCION S.L.

_____

HENRIQUE RODRIGUEZ GUILLEN,

N.I.E. X-8.236.220-N

Calle de Lagasca número 125, Madrid, España

De otra parte:

_____

CARLOS DOMINGUEZ ZEITLER

Cédula de identidad número V-3.187.771

_____

VILMA LLORET DE DOMINGUEZ

Cédula de identidad número V- 5.216.831

Dkt. 51-1 at pp. 11–12.

To the extent that the moving defendants are contending that the forum selection clause is unenforceable because the Dominguezes did not sign the Agreement, competent evidence in the record shows that the Dominguezes did sign it, and their pleadings so allege. (Dkt. 1 at pp. 7–8; Dkt. 51-1 at pp. 11–12). If there is a factual conflict regarding whether the Dominguezes signed the Agreement, then for the purposes of this jurisdictional analysis that conflict goes the Dominguezes' way. *Wilson*, 20 F.3d at 648 ("[C]onflicts between the facts contained in the parties' affidavits must be resolved in the plaintiff's

favor for purposes of determining whether a *prima facie* case for personal jurisdiction exists.").

The Agreement's mandatory forum selection clause conveys personal jurisdiction over the moving defendants. The moving defendants' motion to dismiss for lack of personal jurisdiction is meritless.

IV. **CONCLUSION**

The motion to dismiss under Federal Rule of Civil Procedure 12(b)(2) filed by Defendants Henrique Rodriguez Guillen, Suelopetrol Exploracion y Production S.L., and Suelotec S.A. (Dkt. 49) is **DENIED**.

SIGNED at Houston, Texas, on September 28, 2022.

*[signature]*
GEORGE C. HANKS, JR.
UNITED STATES DISTRICT JUDGE