United States District Court
Southern District of Texas
**ENTERED**
October 18, 2023
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| CARLOS DOMÍNGUEZ ZEITLER, *et al.*, § § § Plaintiffs. § § v. § § HENRIQUE RODRIGUEZ GUILLÉN, *et al.*, § § § Defendants. § | CIVIL ACTION NO. 4:21-cv-01142 |

## OPINION AND ORDER

Plaintiffs Carlos Domínguez Zeitler and Vilma Lloret de Domínguez (collectively, "Plaintiffs") filed this lawsuit alleging a variety of claims against Defendants Henrique Rodriguez Guillén ("Rodriguez"), Suelopetrol Corporation, Suelopetrol Exploracion y Produccion S.L., and Suelotec S.A. (collectively, "Defendants").[1] The causes of action asserted by Plaintiffs include breach of contract, promissory note, money had and received, guaranty of payment, promissory estoppel, unjust enrichment, common law fraud, and statutory fraud. Before me is Plaintiffs' Motion for Partial Summary Judgment on Breach of Contract of the Promissory Note ("Motion for Partial Summary Judgment"). Dkt. 71. As the name suggests, this motion is limited to addressing one claim brought by Plaintiffs—their assertion that Defendants have failed to pay amounts due and owing under a valid promissory note. After reviewing the parties' briefing and the applicable law, I **GRANT** the Motion for Partial Summary Judgment.

## BACKGROUND

The facts relevant to Plaintiffs' Motion for Partial Summary Judgment are undisputed and far from complicated. Defendants executed a promissory note

---

[1] Plaintiffs also brought claims against Suelopetrol Energy Fund Ltd. A default judgment has been entered against that entity. *See* Dkt. 47.

dated December 5, 2019 (the "Promissory Note"). *See* Dkt. 71-2. The Promissory Note required Defendants to pay Plaintiffs the amount of $4,163,774.97 no later than December 31, 2020. To date, Defendants have failed to make a single payment. The entire amount remains due and owing.

## LEGAL STANDARD

"Summary judgment is appropriate 'if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.'" *Hawes v. Stephens*, 964 F.3d 412, 415 (5th Cir. 2020) (quoting FED. R. CIV. P. 56(a)). In evaluating a summary judgment motion under Rule 56, I must consider the evidence in the light most favorable to the nonmoving party and resolve any doubts in favor of the nonmovant. *See Scott v. Harris*, 550 U.S. 372, 380 (2007). I "may not make credibility determinations or weigh the evidence" in ruling on a motion for summary judgment. *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000). Because Plaintiffs bear the burden of proof at trial on their claim for affirmative relief, they "must establish beyond peradventure *all* of the essential elements of the claim . . . to warrant judgment in [their] favor." *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1194 (5th Cir. 1986).

## ANALYSIS

To prevail on a promissory note claim at the summary judgment stage, Plaintiffs must prove that: (1) a note exists; (2) Defendants signed the note; (3) Plaintiffs are the holders or owners of the note; and (4) a certain balance is due on the note. *See Campbell v. Tex. Tea Reclamation, LLC.*, No. 3:20-cv-00090, 2021 WL 3008285, at *1 (S.D. Tex. June 15, 2021) (collecting cases).[2] No genuine issue of material fact exists on any of these four elements.

On element one, the summary judgment record contains a copy of the Promissory Note, *see* Dkt. 71-2, thus establishing that a note exists.

---

[2] The Promissory Note provides that it "shall be interpreted in accordance with the laws of the State of Texas." Dkt. 71-2 at 4.

2

On element two, Plaintiffs' summary judgment evidence establishes that Defendants signed the Promissory Note. *See* Dkt. 71-2 at 6. Rodriguez actually signed the Promissory Note five times—once for himself and once in his capacity as a representative for each of the other Defendants. In their answer, Defendants concede that "Rodriguez executed a promissory note in the amount of $4,163,774.97 to [Plaintiffs]," and that the terms of the Promissory Note "speak for themselves." Dkt. 34 at 4.

On element three, Plaintiffs must demonstrate that they are the holders of the note. The Texas Business and Commerce Code defines "holder" as "the person in possession of a negotiable instrument." TEX. BUS. & COM. CODE § 1.201(b)(21)(A). Under Texas law, an instrument is negotiable if it is a written unconditional promise to pay a sum certain in money, upon demand or at a definite time, and is payable "to bearer or to order at the time it is issued or first comes into possession of a holder." *Id.* § 3.104(a)(1). To qualify as an instrument payable "to order," the Promissory Note must state that it is payable "(i) to the order of an identified person" (i.e., "Pay to the order of Joe Smith"), or "(ii) to an identified person or order" (i.e., "Pay to Joe Smith or order"). *See id.* § 3.109(b).[4] Here, the Promissory Note specifically states that it is payable "[t]o the order of: CARLOS DOMÍNGUEZ ZEITLER and VILMA LLORET DE DOMÍNGUEZ." Dkt. 71-2 at 3. Given this language, Plaintiffs are unquestionably the holders of the Promissory Note.

On element four, Plaintiffs provide evidence establishing that Defendants have not paid any amounts due and owing on the Promissory Note. The principal amount of the Promissory Note was $4,163,774.97. Additionally, the Promissory Note provides that "[i]f judicial recovery of the debt becomes necessary," Defendants "agree to pay the amount of principal, legal interest, plus the legally

---

[4] A promissory note is payable "to bearer," if the note states that it is "payable to bearer or to the order of bearer or otherwise indicates that the person in possession of the promise or order is entitled to payment." *Id.* § 3.109(a)(1). That is not the case here.

permitted surcharges and expenses and costs necessary to collect the payment." *Id*. Carlos Domínguez Zeitler has submitted a sworn declaration stating, in relevant part, that "none of the parties or guarantors to the Agreement have paid the amount owed and past due under . . . the Promissory Note." Dkt. 71-1 at 3.

In most cases involving motions for summary judgment, the nonmovant argues that there is a genuine issue of material fact that precludes the entry of summary judgment. Not so here. In this case, Defendants essentially concede that Plaintiffs are entitled to prevail on their breach of promissory note claim.[5] Nonetheless, Defendants urge me to refrain from granting summary judgment on the promissory note claim in favor of allowing all claims to proceed to trial later this year. I am unwilling to follow that approach.

A district court does possess the discretion to deny a motion for partial summary judgment, even if there are no genuine issues of fact, when the proposed motion does not ultimately advance the ultimate resolution of a case. *See Powell v. Radkins*, 506 F.2d 763, 765 (5th Cir. 1975) ("A court, in its discretion in shaping the case for trial, may deny summary judgment as to portions of the case that are ripe therefor, for the purpose of achieving a more orderly or expeditious handling of the entire litigation."). Granting partial summary judgment on the promissory note claim will help "to root out, narrow, and focus the issues" at trial. *Calpetco 1981 v. Marshall Expl., Inc.*, 989 F.2d 1408, 1415 (5th Cir. 1993); *see also* FED. R. CIV. P. 56, advisory committee's note to 1946 amendment (Partial summary judgment "serves the purpose of speeding up litigation by eliminating before trial matters wherein there is no genuine issue of fact."). Accordingly, I see no reason to

---

[5] Although Defendants contend "that they are not liable for the amount of claims asserted against them," Dkt. 72 at 1, they do not address Plaintiffs' assertions that: (1) there is a valid promissory note; (2) Plaintiffs are the present holders of the promissory note; (3) Defendants are the makers of the promissory note; and (4) the promissory note is due and owing. When a party "fails to properly address another party's assertion of fact . . ., the court may . . . consider the fact undisputed for purposes of the motion" and "grant summary judgment if the motion and supporting materials—including the facts considered undisputed—show that the movant is entitled to it." FED. R. CIV. P. 56(e)(2)–(3).

wait until trial to decide, as a matter of law, what I can easily decide today: Defendants have breached the Promissory Note. Summary judgment is warranted in favor of Plaintiffs on their promissory note claim.

## CONCLUSION

Plaintiffs' Motion for Partial Summary Judgment (Dkt. 71) is **GRANTED**. Plaintiffs are entitled to a judgment against Defendants on their claim for breach of the Promissory Note in the amount of $4,163,774.97, plus pre- and post-judgment interest and attorney's fees, to be determined at a later date.

SIGNED this 18th day of October 2023.

ANDREW M. EDISON
UNITED STATES MAGISTRATE JUDGE